FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

MAR 2 5 2016

11:55 AM

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.    Crim. No. 15-4409 KG

SULEMA CARBAJAL DEL REAL,

    Defendant.

## MEMORANDUM OPINION AND ORDER ON MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court upon the Magistrate Judge's Proposed Findings and Recommended Disposition (PFRD), filed on March 2, 2016; the United States' objections to the PFRD, filed on March 16, 2016; and Defendant's response to the United States' objections, filed on March 16, 2016. (Docs. 41, 43, and 44). After holding an evidentiary hearing on February 22, 2016, the Magistrate Judge recommended granting Defendant's Motion to Suppress Physical Evidence and Statements (Doc. 22), filed on January 7, 2016. Defendant moved to suppress all testimonial and physical evidence seized as a result of an alleged illegal stop and search of her vehicle by Border Patrol Agent Orlando Morin. Having reviewed the PFRD, the United States' objections, Defendant's response to those objections, and the transcript of the February 22, 2016, evidentiary hearing, the Court sustains the objections at this time, but resubmits this matter to the Magistrate Judge for further consideration.

*A. Standard of Review*

Once a party has filed objections to a Magistrate Judge's PFRD, the Court must consider those objections *de novo*. Fed. R. Crim. P. 59(b)(3). "The district judge may accept, reject, or

modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." *Id.*

B. *Discussion*

After evaluating the eight factors enunciated in *United States v. Brignoni-Ponce*, 422 U.S. 873, 884-85 (1975),[1] the Magistrate Judge determined that Agent Morin did not have reasonable suspicion to stop Defendant at approximately 4:00 a.m. while she was driving in an area near the United States' border with Mexico. The United States objects to the manner the Magistrate Judge applied the *Brignoni-Ponce* factors.

In determining whether a Border Patrol agent had reasonable suspicion to stop a vehicle in the border area, the court considers "the totality of the circumstances" under which the stop occurred. *United States v. Sokolow*, 490 U.S. 1, 8 (1989). The totality of the circumstances should "be viewed through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training." *United States v. Leyba*, 627 F.2d 1059, 1063 (10th Cir. 1980). Courts must also "accord deference to an officer's ability to distinguish between innocent and suspicious actions." *United States v. Williams*, 271 F.3d 1262, 1268 (10th Cir. 2001).

When making reasonable suspicion determinations with regard to stops in border regions, courts take into account the eight *Brignoni-Ponce* factors. 422 U.S. at 884-85. "When evaluating an [agent's] decision to stop a vehicle, a court may not engage in a 'sort of divide-and-conquer analysis' by evaluating and rejecting each [*Brignoni-Ponce*] factor in isolation." *United States v. Cheromiah*, 455 F.3d 1216, 1221 (10th Cir. 2006). The reason for this

---

[1] Those factors include "(1) the characteristics of the area where the agent encountered the vehicle; (2) the proximity of the area to the border; (3) the usual patterns of traffic on the road; (4) the agent's previous experience with alien traffic; (5) information about recent illegal border crossings in the area; (6) the driver's behavior, including erratic driving or any obvious attempts to evade the agent; (7) aspects of the vehicle, such as a station wagon with concealed compartments; (8) the appearance that the vehicle is heavily loaded; and other relevant factors." (Doc. 41) at 6.

admonition is that although the factors "by themselves, may be 'consistent with innocent travel' [they] may collectively amount to reasonable suspicion. *Id.* (citation omitted). In other words, law enforcement officers "need not rule out the possibility of innocent conduct" before conducting an investigatory detention. *United States v. Arvizu*, 534 U.S. 266, 277 (2002). Courts must, therefore, take into account the "whole picture." *Cheromiah*, 455 F.3d at 1221.

The Magistrate Judge, in this case, bases his totality of the circumstances determination on his analysis of the *Brignoni-Ponce* factors. Certainly, this is the correct standard to apply. That analysis, here, tends to focus, however, on the innocent nature of Defendant's behavior with respect to each *Brignoni-Ponce* factor in isolation rather than focusing on the totality of those factors. The Magistrate Judge also does not clearly indicate that he viewed the totality of the circumstances "through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training." For example, the Magistrate Judge found that Agent Morin "had no way of knowing" certain information instead of examining whether a reasonable Border Patrol agent with Agent Morin's background would have thought that the circumstances raised a reasonable suspicion. *See* (Doc. 41) at 11. Additionally, the Magistrate Judge concludes, "Defendant could have failed to notice that the agent was in a marked Border Patrol vehicle or she might have simply decided to keep her eyes on the road." *Id.* at 13. Finally, the Magistrate Judge found portions of Agent Morin's testimony to be "skeptical," but it is not clear that the Magistrate Judge found that testimony was not credible. *Id.* at 8 and 14. Indeed, such a finding is impactful to both Defendant and Agent Morin, but without an explicit finding that the testimony was not credible, the Magistrate Judge was required to give due deference to Agent Morin's ability to distinguish between innocent and suspicious actions. For these reasons, the

Court will sustain the United States' objections at this time and resubmit this matter to the Magistrate Judge to revisit his PFRD in light of this Memorandum Opinion and Order.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE